# IN THE COURT OF APPEALS OF IOWA

No. 24-1660
Filed July 23, 2025

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**LAURA MARGARET MANGRICH,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Johnson County, Elizabeth Dupuich, Judge.


     A defendant appeals her sentences for second-degree theft and unauthorized use of a credit card. **AFFIRMED.**


     Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

     Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


     Considered without oral argument by Tabor, C.J., and Ahlers and Langholz, JJ.

**LANGHOLZ, Judge.**

While serving as treasurer of the Iowa City Girls Softball Association for three years, Laura Mangrich stole money from the association. She pleaded guilty to second-degree theft, a class "D" felony, and unauthorized use of a credit card, an aggravated misdemeanor. *See* Iowa Code §§ 714.1, 714.2(2), 715A.6(1), 715A.6(2)(c) (2020). In her plea, Mangrich admitted that she took between $1000 and $10,000 of funds from the association and obtained funds of less than $1500 through the credit card. And before her sentencing, she repaid the association almost $30,000—the full amount the association claimed as pecuniary damages. At sentencing, she asked the district court to impose deferred judgments. But the court disagreed, sentencing Mangrich to concurrent suspended sentences—a five-year suspended sentence on the felony and a two-year suspended sentence on the misdemeanor. Mangrich now appeals, arguing that the district court abused its discretion in selecting suspended sentences rather than a deferred judgment. Seeing no abuse of discretion in the district court's sentencing decision, we affirm.

We review a district court's discretionary sentencing decisions, including the exercise of its discretion whether to grant a deferred judgment, for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). And even when the court would have been justified in imposing the sentence sought by the defendant, "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable

grounds." *Id.* at 725. So it is not enough that the defendant disagrees with the court's weighing of the sentencing factors and the sentence ultimately selected. *See Gordon*, 998 N.W.2d at 863 ("The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently."); Iowa Code § 901.5.

The district court did not abuse its discretion here. Mangrich does not point to any unreasonable or untenable grounds of the court's decision. Rather, she argues that the court should have weighed the sentencing factors differently to reach the conclusion that a deferred judgment was appropriate. She contends it should have put more weight on—among other things—her substance-use and mental-health issues, her engagement with treatment for those issues, her performance on pretrial release, and her efforts to strengthen her relationships with supportive family.

But the court's reasoning expressed at the sentencing hearing and the written sentencing order shows that it considered these factors. It also carefully explained why it disagreed with her request for deferred judgments:

> It does appear the Defendant has made significant gains in repairing the damage she has caused and in improving her circumstances. This is with the unwavering support of her family. This is why she's not spending any time in jail. This is the break she's getting, and I'm sure she appreciates it very much. But the Court can't ignore the fact that her scheme spanned approximately three and a half years throughout which she repeatedly breached her position of trust in executing countless decisions and demonstrating relatively sophisticated deception to deprave a nonprofit which supports female athletes.
>
> A large part of my job in protecting the community is keeping people from committing crimes of this nature. While I sincerely appreciate the request for a deferred judgment and the excellent arguments advanced by [Mangrich's trial counsel] with a very impressive presentation, I don't believe the goals can be met with a

deferred judgment.  I'm going to deny the request for a deferred judgment based on all of the information that I was just provided.

And the court summed up its judgment "that the sentences and convictions imposed will offer Defendant the maximum opportunity for rehabilitation balanced against the need to protect the community from future offenses by Defendant and others."  Seeing no abuse of discretion in this exercise of the district court's sentencing judgment, we affirm Mangrich's sentences.

**AFFIRMED.**